The State v. Davis & Ferguson.

## THE STATE vs. DAVIS & FERGUSON.

1. A witness who has been examined in behalf of the State on the trial of an indictment against three defendants for grand larceny, to show a common design and confederacy among them, may also testify to the same facts on a subsequent trial of two of the defendants on an indictment for obtaining money under false pretences, from the same person, at a different time and place.

UPON points reserved as novel and difficult, from the City Court of Mobile. Tried before the Hon. Alex. McKinstry.

JAMES DAVIS and George Ferguson were indicted in the City Court of Mobile, for obtaining money under false pretences from one Dr. M. Parker, who was examined on the trial, as a witness for the State. After his examination was finished, the prisoners' counsel moved the court to exclude his testimony from the

jury, for the reason that all of his testimony referring to the offence for which the prisoners were on trial, had been given in evidence by the same witness in behalf of the State, at the trial of the prisoners and one George Williams, (jointly indicted at the same term of the court,) on a charge of grand larceny of other moneys, from the same person, at a different time and place, the said testimony having been used, in connection with other evidence, at the said trial for grand larceny, to show a common design and confederacy on the part of the prisoners and said Williams.

The motion to exclude was overruled, but the point was reserved by the court, and certified to the Supreme Court as novel and difficult.

ATTORNEY GENERAL, for the State.

BLOCKER, *contra.*

PARSONS, J.—The counsel of the prisoners relies upon Rex v. Davis and another, 25 Eng. Comm. L. Rep. 341, to show that the evidence should have been excluded. But that case does not show that it should have been excluded as matter of legal right, and we certainly can not go that length. The two indictments were for different and distinct crimes; and in the other case these prisoners were indicted and tried jointly with another person. The evidence of the crime in this case was not given on the trial of that, to prove the crime, but only to connect the parties in a common design and confederacy. These prisoners were not convicted of this crime upon that indictment, though the evidence of this crime may have contributed to connect the parties in the commission of that. Whether for such a purpose it was admissible, was a question to be settled in that case, but not in this. This is the only question which the court below referred to this court.

The judgment is affirmed.